OPINION
Appellant Frederick Bourjaily appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, concerning the distribution of pension benefits in his divorce. Appellee is the prior spouse, Kathleen Bourjaily. The facts giving rise to this appeal are as follows. Appellant and appellee were married on July 8, 1978. Two children were born as issue of the marriage. Appellant has been employed since 1983 with the Social Security Agency, and is a participant in the federal civil service retirement system ("CSRS"). He also serves in the United States Army Reserve, with approximately fifteen years of creditable service accrued. Appellee has had limited employment during the marriage. On September 23, 1997, appellant filed for divorce. The matter ultimately went to trial before a magistrate on October 1, 1998. Both parties filed objections to the magistrate's decision. The trial judge ruled on the objections on August 25, 1999, and a final decree of divorce was entered on September 23, 1999. The decree mandates the division of retirement benefits as follows:
 7. The defendant shall be awarded one-half of the plaintiff's Civil Service pension accrued between July 8, 1978 and October 1, 1998. This shall be accomplished by means of a Court Order Acceptable for processing (COAP) which shall include COLA's and survivorship rights for the defendant.
 8. The defendant shall be awarded one-half of the marital portion (accrued between July 8, 1978 and October 1, 1998) of the plaintiff's military retirement. This shall also be accomplished by a COAP and shall include rights of survivorship and COLAs. The marital portion of the military pension shall be determined either by using the marital years of retirement divided by the total retirement or marital points divided by total retirement points, whichever percentage is larger. Further, the plaintiff cannot defeat the division of this marital asset through any circumvention language or action such as Voluntary Separation Incentive payments. * * *.
Appellant timely appealed from the decree and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT ERRED IN FAILING TO CONSIDER SOCIAL SECURITY BENEFITS AS AN OFFSET IN DETERMINING THE VALUE TO APPELLANT'S CIVIL SERVICE PENSION, SAID FAILURE TO CONSIDER AN OFFSET IS AN ABUSE OF DISCRETION AND CONTRARY TO LAW.
 I.
In his sole Assignment of Error, appellant argues that the trial court erred in failing to offset the value of his "hypothetical" social security benefits against his civil service pension, prior to apportioning retirement benefits between the parties. We disagree. In addressing the division of marital property, pension benefits accumulated during the marriage are assets subject to property division in a divorce action. Erb v. Erb (1996), 75 Ohio St.3d 18,20. When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms, and conditions of the pension or retirement plan, and the reasonableness of the result. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 179. It is well settled that in a divorce matter, the trial court should strive to disentangle the parties' economic partnership whenever the circumstances permit. Hoyt at 182. Appellant focuses his appeal on the issue of "hypothetical social security offset" in pension evaluation, a concept cogently analyzed in a Pennsylvania case, Cornbleth v. Cornbleth (1990), 397 Pa. Super. 421, 580 A.2d 369. Appellant specifically cites the Ninth District's reliance on Cornbleth in Stovall v. Stovall (Sept. 23, 1992), Summit App. No. 15335, unreported, where the court explained: * * * [T]he [Cornbleth] court noted that public employees who do not participate in the social security system are at a disadvantage in that their entire pension value is considered marital property while a private employee's contributions to Social Security are precluded by federal statute from consideration as marital property. Id. at 3.
In Stovall, one spouse maintained a State Teachers' Retirement System (STRS) pension, while the other spouse had held employment in the private sector. The trial court in Stovall adjusted the value of STRS pension to exclude a calculated "hypothetical social security" figure, i.e., that part of the STRS public employee pension which might, figuratively, be considered "in lieu of" social security benefits. This method was approved by the Ninth District on appeal, which held that no abuse of discretion had occurred. Id. at 4. Appellant proposes that the holding in Stovall is applicable to the evidence presented in the case sub judice, wherein appellant submitted as exhibits expert evaluations of his civil and military reserve pensions, as well as his hypothetical social security benefit analysis pertinent thereto. However, as appellant concedes, the Ohio Supreme Court has not mandated the Cornbleth approach as the preferred method of addressing these types of private/public retirement benefit scenarios. Moreover, our most recent ruling in this realm can be found in Back v. Back (Dec. 29, 1999), Richland App. No. 99 CA 46, unreported. In that case, appellant wife was employed by the City of Mansfield and participated in PERS, the public employees' retirement plan. Appellee husband worked for a waste management company, participating in social security but not in any pension plans. We held: Upon reconsideration, we find the trial court did not abuse its discretion in calculating the division of retirement benefits on remand even though the trial court did not follow the mandate of this court. We conclude, as did the trial court, the proper division of retirement benefits is to subtract appellee's potential social security benefit from appellant's potential PERS benefit and divide the remaining portion of the potential monthly PERS benefit equally between the parties. Id. at 2.
Appellee in the case sub judice testified that she stayed at home in order to care for the parties' first child after giving birth in 1980. From 1985 to 1990 and from 1990 to 1993, she worked about thirty hours per week, excluding summers, at two school systems. She also recounted several miscellaneous short-term jobs. Tr. at 86-87, 103. However, the record in the case sub judice does not reveal an attempt by either party to further exact any figures for appellee's potential social security benefits. Therefore, the trial court effectively complied with this court's guidance in Back under the facts and circumstances presented to it, and we are unable to find an abuse of discretion in the trial court's distribution of retirement benefits. Hoyt, supra. Appellant's Assignment of Error is overruled. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
By: Reader, V. J. Edwards, P.J., and Milligan, V. J., concur.